IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

| | | |
|---|---|---|
| Caribe A. Giscombe | ) | **17    4310** |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | JURY DEMAND |
| Leidos, LLC and CT Corporation System | ) | |
| Defendant. | ) | |

## Complaint and Jury Demand

Now comes Plaintiff, by and through his counsel, and for Complaint against the Defendant, states as follows:

## PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Caribe A. Giscombe has resided at 56 Goodturn Road, Levittown, PA 19057 and is a citizen of Pennsylvania.

2. At all times relevant hereto, Leidos, LLC Defendant Corporation, a corporation licensed and doing business in Pennsylvania, is and at all times mentioned herein was an employer within the meaning of the Americans with Disabilities Act (ADA).

3. At all times relevant hereto, CT Corporation System, Defendant Corporation, a corporation licensed and doing business in Pennsylvania, is and at all times mentioned herein was an employer within the meaning of the Americans with Disabilities Act (ADA).

4. This Court has jurisdiction over this matter as this matter involves a federal question based upon the Americans With Disabilities Act of 1990.

5. The venue is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Giscombe resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

6      Plaintiff, Caribe Giscombe, is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 "ADA".

7.      On or about July 2010, Defendants hired Plaintiff as an employee.

8.      In or about October 2012, Plaintiff underwent gastric bypass surgery and back surgery to correct a weight problem and herniated disc in her back. After completion of the surgery and prior to the date of the termination, Plaintiff made numerous attempts to perform her work duties under the current working conditions.

9.      After returning to work, the Plaintiff Ms. Giscombe could still perform the essential functions of job with reasonable accommodations of being permitted to eat small snacks and take frequent breaks for stretching exercises to stretch the muscles in her back.  The Plaintiff was repeatedly refused by her supervisor the ability to take said breaks and to perform the necessary duties to perform her job.

10.     In November 2012, Plaintiff repeated the request for reasonable accommodation necessary to permit her job.   The Defendant refused and offered no alternative accommodation.

11.     Again, in July 2015, Plaintiff again requested reasonable accommodations, as the working environment became more taxing on her body and again Defendant refused the reasonable accommodations and offered no alternative.

12.     On or about August 21, 2015, the Defendants discharged the Plaintiff from her job citing that they were unable to perform the duties of her job.

13.     From April 22, 2015 to July 29, 2015, Plaintiff's co-workers repeatedly harassed the Plaintiff because she was of national origin, Mexico.

14.     From April 22, 2015 to July 29, 2015, Plaintiff's co-workers repeatedly harassed the Plaintiff because her husband is of  African American descent.

15.     From April 22, 2015 to July 29, 2015 several co-workers of the Plaintiff made harassing racist statements to the Plaintiff such as "your husband is an Oreo and an Uncle Tom",  "You've [a Mexican] stolen an eligible brother from a sister" and "You're no longer in the Mexico, so get over it."

16.     From April 22, 2015 to July 29, 2015 there were several instances of the Plaintiff being harassed and physically assaulted at work, Specifically a co-worker, Chanda Allen would corner the Plaintiff in the work stairwell and shove and intimidate her while the Plaintiff  was attempting to enter the workplace.

17.     From April 22, 2015 to July 29, 2015 the Plaintiff made several complaints to management regarding the harassment. The harassment continued.

18.     From April 22, 2015 to July 29, 2015 the Plaintiff requested that Management intervene and move the offending coworkers from the work area. Management refused and the harassment continued.

19.     At no time during the Plaintiff's employment were any coworkers disciplined and the harassment continued until the Plaintiff's termination.

20.     The pervasive and ongoing harassment caused the Plaintiff great mental distress. The Plaintiff was under a doctor's care for the trauma and harassment she underwent at work and received workers compensation for work injuries which were related to the harassment and stress of her employment.

## COUNT I
## DISABILITY DISCRIMINATION

21.     The allegations contained in paragraphs 1 through 30 inclusive are hereby incorporated by reference.

22.     From the time of his injury to the day of his termination, Plaintiff was capable of performing the duties of several available suitable positions at the Defendants' facilities.

23.      From the time of his injury to the day of his termination, Plaintiff attempted to be placed in available suitable positions at the Defendant's facilities on numerous occasions.

24.      During such time, Defendants continually, intentionally, and in a discriminatory manner refused to allow Plaintiff reasonable accommodations in order to perform her duties or any other position because of his disability.

25.      Defendants' termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff. Defendants terminated Plaintiff because of his disability.

26.      Such adverse employment actions by Defendants were in violation of the ADA.

27.      Such adverse employment actions by Defendant were in violation of Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963

28.      Following Defendants' termination of Plaintiff, Plaintiff was replaced by a non-disabled individual.

29.      As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

## COUNT II

## MENTAL AND EMOTIONAL DISTRESS

30.      The allegations contained in paragraphs 1 through 29 inclusive are hereby incorporated by reference.

31.      Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

32.      As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

## COUNT III

## BREACH OF CONTRACT

33.      The allegations contained in paragraphs 1 through 32 inclusive are hereby incorporated by reference.

34.      Plaintiff's position was held under both express and implied promises of job security and in accordance with XYZ employee handbook, all of which constituted a contract of employment.

35.      Defendants' actions in removing Plaintiff from his position and their failure to reinstate him constitute a willful breach of his contract with the Defendants.

36.      As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

## COUNT IV

## HOSTILE WORK ENVIORMENT

37.      The allegations contained in Paragraphs 1 through 36 inclusive are hereby incorporated by inference.

38.      Plaintiff suffered intentional ongoing discrimination as a result of her race.

39.      The discrimination the Plaintiff suffered was sever and pervasive as it lasted for several months.

40.      Plaintiff was detrimentally affected during and after her employment and would have negatively impacted the average reasonable person.

41.      As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

WHEREFORE, Plaintiff respectfully prays to this Court as follows:

A.      For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount being just;

B.      For reasonable costs, including attorney's fees; and

C.      Back pay

E.      Liquidated damages pursuant to 29 U.S.C. §626(b);

F.      Liquadated Damages pursuant to 43 Pa. Cons. Stat §§ 951-963

G.      For all other equitable and legal relief to which Plaintiff appears entitled.

### DEMAND FOR JURY TRIAL

42.      Plaintiff Hereby requests a jury trial on all issues raised in this complaint.


Respectfully Submitted By:


The Law Offices of Sommer Miller, LLC
Attorney ID 315971
7348 B Drexel Rd.
Philadelphia PA 19151

Dated: September 27, 2017